UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| ARNOLD LEE JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. 1:16CV00107 SNLJ |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Arnold Lee Jones has filed an Amended Petition under 28 U.S.C. § 2255, alleging that he was improperly sentenced as an Armed Career Criminal. Jones argues that the retroactive application of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015) invalidates the classification of his prior Burglary and Unlawful Use of a Weapon by Exhibiting convictions as predicate violent felonies that resulted in his being sentenced as an Armed Career Criminal. Jones agrees that his two Missouri Second Degree Assault convictions were properly classified as violent felonies.

For the reasons set forth below, this Court denies Jones' Petition. The 8th Circuit has held, *United States v. Hudson*, 2017 WL 1055583 (March 21, 2017), that Missouri Unlawful Use of a Weapon by Exhibiting is an elements clause crime of violence. Jones' prior conviction for this offense would likewise be a violent felony, making him an Armed Career Criminal with three prior convictions for violent felonies.

**Underlying Conviction**

On January 15, 2009, a Grand Jury in the Eastern District of Missouri,

Southeastern Division, returned a one-count indictment against Jones, charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (Case Number 1:09 CR 00014 SNLJ; DCD 1) On April 27, 2009, Jones appeared with his attorney and entered a guilty plea to the charge made in the Indictment. Following the plea, a Presentence Investigation Report (P.S.R.) was prepared which found that Jones was an Armed Career Criminal ("ACC") under the Armed Career Criminal Act ("ACCA") (18 U.S.C. § 924(e)). The P.S.R. concluded that the Total Offense Level was 30. (9/10/09 P.S.R., ¶ 22) Jones's Criminal History Category was VI due to his conviction history and the resulting sentencing range was 180 to 210 months. (9/10/09 P.S.R., ¶ 64, 85) Jones was determined to be an ACC and a career offender based on the following convictions:

> (1) On November 20, 1990, in the Circuit Court of Pemiscot County, Missouri, in Case Number CR589-495FX, for the felony of Second Degree Assault. (9/10/09 P.S.R. ¶ 25);
>
> (2) On November 05, 2002, in the Circuit Court of Pemiscot County, Missouri, in Case Number 02CR752662-01, for the felony of Unlawful Use of a Weapon by Exhibiting. (9/10/09 P.S.R. ¶ 41).
>
> (3) On November 5, 2002, in the Circuit Court of Pemiscot County, Missouri, in Case Number 02CR754087-01, for the felony of First Degree Burglary.[1] (9/10/09 P.S.R. ¶ 45).
>
> (4) On August 3, 2004, in the Circuit Court of Pemiscot County, Missouri, in

---

[1] Because Jones has three qualifying violent felony convictions making him an ACC even if the Burglary conviction is not counted as a violent felony, this Court need not address whether Jones' conviction for Missouri First Degree Burglary is a violent felony. Jones would receive the same punishment whether he had three qualifying violent felony convictions or four.

Case Number 03CR754289-01, for the felony of Second Degree Assault. (9/10/09 P.S.R. ¶ 49).

On July 17, 2009, the district court found Jones to be an Armed Career Criminal and sentenced him to a term of imprisonment of 180 months.

Jones did not appeal his conviction or sentence. Jones has not filed a prior habeas petition. This is his "first" habeas petition filed to contest his conviction or sentence.

**Current Claim**

In his current Application to file a Successive Habeas Petition, Jones asserts that his status as an Armed Career Criminal was improperly decided by the Court and that his sentence should be set aside, based on the retroactive application of *Johnson*. Jones contends that his prior conviction for Unlawful Use of a Weapon by Exhibiting was improperly classified as a violent felony. While the holding of *Johnson* may be retroactively applied to certain sentences, Jones's sentence is not affected by the holding of *Johnson*. The holding of *United States v. Hudson, supra*, is controlling. Under *Hudson*, a conviction for the Missouri offense of unlawful use of a weapon, in violation of R.S.Mo. § 571.030.1(4) qualifies as a "violent felony" under the use of force clause of the Armed Career Criminal Act. That conviction, coupled with his two convictions for felony Second Degree Assault, make Jones an Armed Career Criminal.

## CONCLUSION

For the foregoing reasons, the Petition is **DENIED**.

3

Dated this 23rd day of March, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE